## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK DIVISION

| | |
|---|---|
| Omer Karakas,<br>individually and on behalf of all others similarly situated,<br><br>                                                          Plaintiff,<br><br>        -v.-<br>Synergetic Communication, Inc. and Palisades<br>Acquisition Xvi LLC.<br><br>                                                  Defendants. | Case No.: 2:21-cv-16557<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Omer Karakas ("Plaintiff") brings this Class Action Complaint by and through his attorneys, Horowitz Law, PLLC, against Defendants Synergetic Communication, Inc. ("SYN") and Palisades Acquisition Xvi LLC ("Palisades"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.       This action seeks to recover for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

### JURISDICTION AND VENUE

2.       The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

3.       Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to this claim occurred.

### PARTIES

4.      Plaintiff is a resident of the State of New Jersey, County of Passaic.

5.      Plaintiff is a natural person allegedly obligated to pay a debt.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3).

7.      Defendant SYN is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 5450 N.W. Central #220, Houston, TX and may be served with process upon the Corporation Trust Company its registered agent for service of process at 820 Bear Tavern Road, Ewing, NJ 08628.

8.      Upon information and belief, Defendant SYN is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      Defendant Palisades Acquisition Xvi LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service of process at 210 Sylvan Avenue, Englewood Cliffs, NJ 07632.

10.      Upon information and belief, Defendant Palisades Acquisition Xvi LLC is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## THE FDCPA

11.      Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the

effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

12.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

13.     The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

14.     To further these ends, "the FDCPA enlists the efforts of sophisticated consumers… as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcar Fin. Servs.*, 516 F.3d 85, 91 (2d Cir. 2008).

15.     As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt

collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

16.     Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer---understands the notice he or she receives." *Russell*, 74 F.36 at 34.

17.     If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.* 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," of if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

18.     The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability my only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id*.

## CLASS ALLEGATIONS

19.     Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

20.     The Class consists of:

    a.   all individuals with addresses in the State of New Jersey;

    b.   to whom Defendant SYN sent a collection letter;

    c.   on behalf of Defendant Palisades;

    d.   attempting to collect a consumer debt;

    e.   that has been reduced to judgment;

    f.   without stating that interest is continuing to accrue;

    g.   which letter was sent on or after a date one year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

21.    The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

22.    Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

23.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

24.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

25.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

h.   **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

i.   **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

j.   **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

k.   **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

l. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

26.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

27.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

28.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

29.     Some time prior to September 8, 2020, an obligation was allegedly incurred to Household- Bestbuy.

30.     The Household- Bestbuy obligation arose out of a transaction in which money, property, insurance or services which were the subject of the transactions were primarily for personal, family or household purposes.

31.     The alleged Household- Bestbuy obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

32.     Household- Bestbuy is a "creditor" as defined by 15 U.S.C. § 1692a(4).

33.     Household- Bestbuy sold the account to Defendant Palisades to collect the alleged debt.

34.     According to the letter described below, Palisades is a client of SYN on whose behalf SYN was attempting to collect on this account.

35.     Defendants Palisades and SYN collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

36.     On or about September 8, 2020, Defendant SYN sent Plaintiff a debt collection letter (the "Letter") regarding the alleged debt owed to Palisades. **See Exhibit A**.

37.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

38.     The Letter was received and read by Plaintiff.

39.     The Letter states:

| | |
|---|---|
| Current Creditor: | Palisades Acquisition Xvi LLC |
| Account Number: | XXXX8142 |
| Our Account #: | 8758615 |
| Amount of Debt: | $4,794.23 |
| Original Creditor: | Household - Best Buy |
| Judgement Date: | 12-19-07 |
| Palisades Consumer ID: | XXXX8142 |

40.     The Letter further states "Our client, Palisades Acquistion Xvi, has placed this judgment account with our office for collection in the amount of $4,794.23."

41.    Upon information and belief, the balance has increased since judgment was entered.

42.    However, the Letter does not state if the balance is continuing to increase or if the increase happened in the past but the amount will no longer increase.

43.    Because of the lack of this critical information, Plaintiff does not know if the amount of his obligation is static or dynamic.

44.    Defendant is required to advise Plaintiff what he will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase.

45.    The letter is misleading because Plaintiff could conclude that the total amount stated as due was due at any time, when in fact it was increasing.

46.    If Defendant pays the "Balance Due" stated on the notice, he does not know whether the debt has been paid in full.

47.    Even if Plaintiff paid the "Balance Due", Defendant could still seek interest and fees that accumulated after the letter was sent but before the balance was paid, or sell the debt to a third party, which itself could seek the additional interest and fees from the consumer.

48.    When they notify consumers of their account balance, debt collectors must disclose that the balance may increase due to interest and fees.

49.    Alternatively, in light of the amounts stated in the letter and the implication that additional charges could be accruing, then if, in fact, no additional amounts are accruing, Defendant must so state.

50.    The letter materially misled Plaintiff because a consumer with two equal-amount debts, one of which is getting larger (dynamic) and one of which will never get larger (static), will pay the dynamic debt first.

51.     A collector cannot imply or suggest that there may be additional charges when in fact there will not be additional charges.

52.     That false advice could incentivize the consumer to pay the debt at a time when, if accurately advised, he would not.

53.     Interest is the quintessential example of an ambiguity that could cause a consumer to pay as a means of avoiding its accrual.

54.     Plaintiff does not know when the interest was added nor whether it might be added again or not after some period of time if the debt remained unpaid.

55.     The letter is susceptible to more than on reasonable interpretation of which at least one is false, deceptive, or misleading.

56.     Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

57.     Defendant's Letter prevented Plaintiff from making payment as it is unclear what is the balance subsequent to the date of the letter.

58.     Due to Defendant's actions, the funds Plaintiff could have used to pay all or part of the alleged debt were therefore spent elsewhere.

59.     Plaintiff did not know how to handle the Letter.

60.     Due to Defendant's actions, Plaintiff expended time and money in determining the proper course of action in response.

61.     But for Defendant's improper actions, Plaintiff would not have done so.

62.     Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

63.     Plaintiff would have pursued a different course of action were it not for Defendant's violations.

64.     Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

65.     As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

66.     These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

67.     Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm as described above and, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

68.     Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

69.     As a result of Defendant's deceptive, misleading, unfair, and false debt collection practices, Plaintiff has been damaged.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

70.  Plaintiff repeats the above allegations as if set forth here.

71.  Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

72.  Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

73.  Defendant violated said section by:

> m.  Making a false and misleading representation in violation of §§ 1692e and 1692e (10);
>
> n.  Falsely representing the character, amount or legal status of the debt in violation of § 1692e (2); and

74.  By reason thereof, Defendant is liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e, *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## <u>COUNT II</u>
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

75.  Plaintiff repeats the above allegations as if set forth here.

76.  Alternatively, Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

77.  Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

78.  Defendant violated this by unfairly failing to state that interest is accruing on the judgment or failing to state that it was waiving any continuing interest, and also misstating the amount of interest and/or court costs allegedly due.

79.  By reason thereof, Defendant is liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f, *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

80.  Plaintiff repeats the above allegations as if set forth here.

81.  Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

82.  In connection with its initial communication with a consumer, a debt collector must, pursuant to 15 U.S.C. §1692g, send the consumer a written notice containing the amount of the debt.

83.  Defendant violated 15 U.S.C. §1692g by failing to properly state, pursuant to § 1692g (a)(1), the amount of the debt.

84.  By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

85.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Omer Karakas , individually and on behalf of all others similarly situated, demands judgment from Defendants Synergetic Communication, Inc. and Palisades Acquisition Xvi LLC as follows:

i.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Uri Horowitz, Esq. as Class Counsel;

ii.    Awarding Plaintiff and the Class statutory damages;

iii.   Awarding Plaintiff and the Class actual damages;

iv.    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

v.     Awarding pre-judgment interest and post-judgment interest; and

vi.    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: September 6, 2021                         Respectfully submitted,

*/s/ Uri Horowitz*
By:  Uri Horowitz, Esq.
Horowitz Law, PLLC
144-41 70th Road
Flushing, NY 11367
Phone: (718) 705-8700
Fax: (718) 705-8705
uri@horowitzlawpllc.com

*Attorneys for Plaintiff*